```
ALAMEDA-CONTRA COSTA TRANSIT DISTRICT
OFFICE OF THE GENERAL COUNSEL
CATHLEEN A. WADHAMS, CSB #100434
1600 FRANKLIN STREET, 6TH FLOOR
OAKLAND, CALIFORNIA 94612
Telephone: (510) 891-4827
Facsimile:  (510) 891-4724
```

Attorney for Defendant AC Transit

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO PACHECO,<br><br>   Plaintiff,<br><br>v.<br><br>ALAMEDA-CONTRA COSTA<br>TRANSIT DISTRICT, et al.<br><br>   Defendants. | NO. C 07-4415 MMC<br><br>DEFENDANT'S CASE MANAGEMENT<br>CONFERENCE STATEMENT<br>AND PROPOSED ORDER |

Defendant, Alameda-Contra Costa Transit District (AC Transit) submits this Case Management Statement and Proposed Order and requests the Court to adopt it as its Case Management Order in this case.

**JURISDICTION AND SERVICE**

Jurisdiction is proper under 42 U.S.C. §2000e-5.

**DESCRIPTION OF THE CASE**

**1.    A Brief Chronology Of The Facts and Issues in Dispute:**

**DEFENDANT'S STATEMENT**

Plaintiff, an AC Transit bus driver since 1987, was put on medical leave and referred for psychological evaluation and fitness for duty following an on the job incident of August 27, 2006. Passengers on plaintiff's bus near Hilltop Mall in Richmond reported that he had been acting oddly, yelling at people and demanding that

1  they get off the bus. AC Transit Transportation Supervisor Michael McNamara was
2  dispatched to contact plaintiff and determine whether it was safe for plaintiff to continue
3  driving his coach. Plaintiff told Mr. McNamara that people were after him, that he was
4  hearing voices in his head, (apparently that of a former drill sergeant, whom he believed
5  had at some time, wanted to cut him "into little pieces"), and plaintiff then related that he
6  had shot himself with a handgun in the past. Mr. McNamara did not believe it prudent to
7  have plaintiff continue driving, and referred him for a psychological fitness for duty
8  evaluation.
9        Plaintiff has been evaluated at least three times since August 27, 2006.
10 Psychologist Gerald Davenport, PhD evaluated him in September of 2006 and again in
11 November 2006. Valata Jenkins-Monroe, PhD performed a psychological fitness for duty
12 evaluation in March, 2007. All three evaluations resulted in the same conclusion;
13 plaintiff cannot safely perform the regular and customary duties of a bus driver. As a
14 result, starting in April, 2007, AC Transit Human Resources Manager Shelley Fogel
15 attempted to engage plaintiff in the interactive process, under the ADA, with an eye
16 towards potential alternate placement for plaintiff, but plaintiff was not interested in this,
17 and this lawsuit ensued.
18       **2.**      **The Principal Factual Issues Which The Parties Dispute:**
19       Plaintiff denies any psychological impairments, and claims he was cleared
20 by his doctors to go back to work in October 2006. Defendant asserts plaintiff has
21 ongoing impairments which preclude him from the job of coach operator.
22       **3.**      **The Principal Legal Issues Which The Parties Dispute:**
23       1.      The legal sufficiency of available evidence to support plaintiff's
24       claims;
25       2.      The preclusive effect, if any, of immunities applicable to defendant
26       and its employees, including discretionary-acts immunity and pre-
27       litigation claims filing requirements;
28 ///

    3.    Whether plaintiff suffered any adverse employment action as a matter of law.

**4.    Amendment of Pleadings:**

Plaintiff appears to have named the wrong defendant. He has named Robert Estrella, AC Transit Division 6 Superintendent, but the proper party is AC Transit.

**5.    Evidence Preservation:**

Not applicable; all potential evidence has been and will be maintained in the normal course of defendant's business.

**6.    Disclosures:**

Defendant will have completed all initial disclosures prior to the case Management Conference. Defendant's document disclosures consist of portions of plaintiff's personnel file, medical records and fitness for duty evaluations, and defendant's witnesses are those individuals named in the chronology above.

**7.    Discovery:**

No discovery has yet been done. Defendant believes discovery will be quite minimal, and defendant plans to serve 20 requests for admissions and 25 interrogatories. Follow-up discovery may be called for depending upon the responses to the written discovery. While at this point, defendant intends to take the deposition of plaintiff only, discovery and motions may bring to light the need to take additional depositions and defendant respectfully reserves the right to take additional discovery.

**8.    Class Actions:**

Not applicable.

**9.    Related Cases:**

Not applicable.

**10.    Relief Sought:**

Plaintiff seeks monetary damages; defendant has no claim for damages.

**11.    Settlement and ADR**:

Defendant is amenable to ENE, and advised plaintiff of this. Plaintiff has

1  filed a request for an ADR phone conference. Defendant believes this matter will be
2  resolved by summary judgment, and does not intend to make any settlement offers.

**12.  Consent of Magistrate Judge for All Purposes**:

Defendant is willing to consent to a Magistrate Judge in this matter, but does not know plaintiff's position.

**13.  Other References:**

Not applicable.

**14.  Narrowing of Issues**:

Not applicable.

**15.  Expedited Schedule**:

Not applicable.

**16.  Scheduling**:

Designation of Experts -  April 4, 2008

Discovery Cut-Off  - April 30, 2008

Hearing of Dispositive Motions - May 31, 2008

Pre-Trial Conference - September 29, 2008

Trial - November 3, 2008

**17.  Trial:**

Defendant has requested jury trial, and expects a trial of this matter to last 7 to 10 court days.

**18.  Disclosures of Non-Party Interested Entities or Persons:**

Not applicable, as defendant is a public entity.

Dated: November 30, 2007

    KENNETH C.  SCHEIDIG
    GENERAL COUNSEL

By:   /S/
    Cathleen A.  Wadhams
    Attorney for Defendant

///

| | |
|---|---|
| 1 | **CASE MANAGEMENT ORDER** |
| 2 | The Case Management Statement and Proposed Order is hereby adopted |
| 3 | by the Court as the Case Management Order for the case and the parties are ordered to |
| 4 | comply with this Order. |
| 5 | In addition, the Court orders: |

Date: _____    _____
                            MAXINE M. CHESNEY
                            UNITED STATES DISTRICT JUDGE

(S:\Cases\Pacheco\Defs CMC Stmnt & Order)