ALAMEDA-CONTRA COSTA TRANSIT DISTRICT
OFFICE OF THE GENERAL COUNSEL
CATHLEEN A. WADHAMS, CSB #100434
1600 FRANKLIN STREET, 6TH FLOOR
OAKLAND, CALIFORNIA 94612
Telephone: (510) 891-4827
Facsimile: (510) 891-4724

Attorneys for Defendant AC Transit

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO PACHECO, <br><br> Plaintiff, <br><br> v. <br><br> AC TRANSIT, et al., <br><br> Defendants. | NO. C 07 4415 MEJ <br><br> DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER <br><br> Date: August 14, 2008 <br> Time: 10:00 a.m. <br> Location: Courtroom B, 15th Floor |

Defendant, Alameda-Contra Costa Transit District (AC Transit) submits this Case Management Statement and Proposed Order and requests the Court to adopt it as its Case Management Order in this case.

**1. Jurisdiction and Service:**

Jurisdiction is proper under 42 U.S.C. §2000e-5.

**DESCRIPTION OF THE CASE**

**2. A Brief Chronology of the Facts and Issues in Dispute:**

DEFENDANT'S STATEMENT

Plaintiff, an AC Transit bus driver since 1987, was put on medical leave and referred for psychological evaluation and fitness for duty following an on-the-job incident of August 27, 2006. Passengers on plaintiff's bus near Hilltop Mall in Richmond reported that he had been acting oddly, yelling at people and demanding that

they get off the bus. AC Transit Transportation Supervisor Michael McNamara was dispatched to contact plaintiff and determine whether it was safe for plaintiff to continue driving his coach. Plaintiff told Mr. McNamara that people were after him, that he was hearing voices in his head (apparently that of a former drill sergeant, whom he believed had at some time, wanted to cut him "into little pieces"), and plaintiff then related that he had shot himself with a handgun in the past. Mr. McNamara did not believe it prudent to have plaintiff continue driving, and referred him for a psychological fitness-for-duty evaluation.

Plaintiff has been evaluated at least three times since August 27, 2006. Psychologist Gerald Davenport, Ph.D., evaluated him in September of 2006 and again in November 2006. Valata Jenkins-Monroe, Ph.D. performed a psychological fitness-for-duty evaluation in March, 2007. All three evaluations resulted in the same conclusion: plaintiff cannot safely perform the regular and customary duties of a bus driver. As a result, starting in April, 2007, AC Transit Human Resources Manager Shelley Fogel attempted to engage plaintiff in the interactive process, under the ADA, with an eye towards potential alternate placement for plaintiff, but at the time plaintiff was not interested in this, and this lawsuit ensued. Since filing this suit, plaintiff has accepted alternate placement and is currently working as a service employee for the District.

**a) The Principal Factual Issues Which the Parties Dispute:**

Plaintiff denies any psychological impairments, and claims he was cleared by his doctors to go back to work in October 2006. Defendant asserts plaintiff has ongoing impairments which preclude him from the job of coach operator.

**3. The Principal Legal Issues Which the Parties Dispute:**

1. The legal sufficiency of available evidence to support plaintiff's claims;
2. The preclusive effect, if any, of immunities applicable to defendant and its employees, including discretionary-acts immunity and pre-litigation claims filing requirements;

       3.      Whether plaintiff suffered any adverse employment action as a matter of law.

**4. Motions:**

Plaintiff previously produced a document titled Motion for Summary Judgment, but no actual motion has been filed. Defendant anticipates filing a motion for summary judgment.

**5. Amendment of Pleadings:**

Plaintiff appears to have named the wrong defendant. He has named Robert Estrella, AC Transit Division 6 Superintendent, but the proper party is AC Transit.

**6. Evidence Preservation:**

Not applicable; all potential evidence has been and will be maintained in the normal course of defendant's business.

**7. Disclosures:**

Defendant will have completed all initial disclosures prior to the Case Management Conference. Defendant's document disclosures consist of portions of plaintiff's personnel file, medical records and fitness-for-duty evaluations, and defendant's witnesses are those individuals named in the chronology above.

**8. Discovery:**

No discovery has yet been done. Defendant believes discovery will be quite minimal, and defendant plans to serve 20 requests for admissions and 25 interrogatories. Follow-up discovery may be called for depending upon the responses to the written discovery. While at this point, defendant intends to take the deposition of plaintiff only, discovery and motions may bring to light the need to take additional depositions and defendant respectfully reserves the right to take additional discovery.

**9. Class Actions:**

Not applicable.

///

///

**10. Related Cases:**

   Not applicable.

**11. Relief Sought:**

   Plaintiff seeks monetary damages; defendant has no claim for damages.

**12. Settlement and ADR**:

   Defendant is amenable to ENE, and advised plaintiff of this. Plaintiff did not respond to this, and in 2007 filed a request for an ADR phone conference. Defendant believes this matter will be resolved by summary judgment, and does not intend to make any settlement offers.

**13. Consent of Magistrate Judge for All Purposes**:

   The parties consented to a Magistrate Judge at the prior hearing on December 7, 2007, with Judge Chesney.

**14. Other References:**

   Not applicable.

**15. Narrowing of Issues**:

   Not applicable.

**16. Expedited Schedule**:

   Not applicable.

**17. Scheduling**:

   Designation of Experts - November 20, 2008

   Discovery Cut-Off - December 15, 2008

   Hearing of Dispositive Motions - January 15, 2009

   Pre-Trial Conference - May 15, 2009

   Trial - June 15, 2009

**18. Trial:**

   Defendant has requested jury trial, and expects a trial of this matter to last 7 to 10 court days.

///

1  **19. Disclosures of Non-party Interested Entities or Persons:**

2      Not applicable, as defendant is a public entity.

3      DATED: <u>August 7, 2008</u>

4                                     KENNETH C. SCHEIDIG
                                     GENERAL COUNSEL

6

7                       By:       /s/
                             Cathleen A. Wadhams
                             Attorney for Defendant

11  **CASE MANAGEMENT ORDER**

12      The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

15      In addition, the Court orders:

21  Dated: _____

                                    MARIA-ELENA JAMES
                                    UNITED STATES MAGISTRATE JUDGE