IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO PACHECO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A.C. TRANSIT,<br><br>　　　　Defendant.<br>_____/ | No. C 07-04415 MEJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING JUDGMENT IN FAVOR OF DEFENDANT** |

**I.   INTRODUCTION**

Pending before the Court is Plaintiff *pro se* Arturo Pacheco's Motion for Summary Judgment (Dkt. #24). Defendant AC Transit has filed an Opposition (Dkt. #28), to which Plaintiff filed a Reply (Dkt. #32). For the following reasons, the Court DENIES Plaintiff's Motion and GRANTS summary judgment in favor of Defendant.

**II.   BACKGROUND**

On August 27, 2007, Plaintiff initiated this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by filing an Employment Discrimination Complaint against Defendant.[1] (Dkt. #1.) In his Complaint, Plaintiff alleges that, following his placement on medical leave, Defendant unlawfully discriminated against him by refusing to reinstate him to his position as

---

[1] Prior to filing his Complaint, Plaintiff filed charges relating to the discriminatory conduct with the Federal Equal Employment Opportunity Commission on May 27, 2007. (Compl. at 2-3.) The California Department of Fair Employment & Housing issued a Right-to-Sue Letter on May 24, 2007. (*Id.* at 3.)

1  a full-time bus operator or make other reasonable accommodations for him even though he obtained

2  the necessary medical clearance to return to work.  Specifically, Plaintiff alleges:

> I am not disabled or have a mental impairment that would interfere with my driving of a motor vehicle[.] Mr. Robert Estrella did tell me after my requests to return to work in Oct. that he would clear me back to work if he received clearance from (another psychiatrist besides the A.C. Transit's psychologist Dr. Davenport or a medical doctor[.] This I supplied: instead of getting back to work: Given to Human Resources Dept: which has complicated & still insinuates I have a mental illness and shouldn't be driving.

(Compl. at 2.)  According to Plaintiff, Defendant discriminated against him on the basis of: (1) his race or color; (2) his national origin; and (3) his being "Puerto Rican/Afro American/51 years old/single/don't speak Spanish." (Compl. at 2.)

On March 25, 2008, Plaintiff filed a Motion for Summary Judgment.  (Dkt. #14.)  Thereafter, on August 14, 2008, Plaintiff filed a collection of documents consisting of narrative statements and lists which Plaintiff indicated related to his summary judgment motion.  (Doc. #33.)  On October 31, 2008, the Court issued an order denying without prejudice Plaintiff's then-pending summary judgment motion because it pre-dated the close of discovery and was therefore premature.  (Dkt. #21.)  The Court also notified Plaintiff that any motion needed to comply with Civil Local Rule 7.  (*Id.*)

On January 12, 2009, Plaintiff filed the instant Motion for Summary Judgment.  (Dkt. #24.)  In his Motion, Plaintiff incorporates by reference his prior summary judgment motion and the materials he previously submitted.  (MSJ at 1.)  Defendant filed its Opposition and supporting materials on March 5, 2009.  (Dkt. ##28, 29.)  Plaintiff filed his Reply on March 16, 2009.  (Dkt. #32.)

On April 2, 2009, the Court held a hearing on Plaintiff's Motion, during which time it questioned both parties extensively on the respective positions and the evidence they have submitted in support.

/ / /

/ / /

/ / /

2

### III. LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Anderson*, 477 U.S. at 247-48. The non-moving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). Thus, it is not the task of the court to scour the record in search of a genuine issue of triable fact. *Id*. If the non-moving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323. An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute might affect the case's outcome. *See Anderson*, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved in favor of either party." *Id*. at 250. Accordingly, a genuine issue for trial exists if the non-movant presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. *See id*. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-50 (internal citations omitted).

A district court may only consider admissible evidence in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(e); *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002). Unauthenticated documents and hearsay evidence are inadmissible, and consequently, may not be considered on summary judgment. *Orr*, 285 F.3d at 773-74, 778.

## IV.  DISCUSSION

**A.    Material Facts**

Unless otherwise indicated, the following facts are undisputed.

Plaintiff began working as a bus driver for Defendant on January 13, 1987.  (Reply at 2.)  On August 27, 2006, while Plaintiff was driving a bus, he began yelling at passengers and demanded they get off the bus.  (Dkt. #29, "Declaration of Shelley Fogel in Support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment," Ex. A at 7.)  Plaintiff also reported that he was hearing voices in his head and that "people were after him."  (Fogel Decl. at ¶2.)  As a result, on September 5, 2006, Plaintiff was placed Plaintiff on administrative leave.  (Dkt. #14, Plaintiff's 3/25/2008 MSJ, "Initial Disclosure" exhibit at ¶3.)

Soon thereafter, Shelley Fogel, Defendant's Human Resources Manager, referred Plaintiff to Dr. Gerald A. Davenport for a "fitness for duty" evaluation to determine whether it would be appropriate for Plaintiff to continue in his job as a bus operator.  (Fogel Decl. at ¶2 & Ex. A at 1-2.)  Dr. Davenport administered a psychological evaluation of Plaintiff on September 8, 2006.  (Fogel Decl., Ex. A at 1.)  On September 11, 2006, Dr. Davenport wrote a letter to Ms. Fogel wherein he opined that Plaintiff "has a serious mental disorder which would make him unsafe to drive a bus at this time."  (Fogel Decl., at ¶3 & Ex. B)  Subsequently, on September 26, 2006, Dr. Davenport sent a full report to Ms. Fogel detailing the results of Plaintiff's evaluation.  (Fogel Decl., Ex. A.)  In that report, Dr. Davenport opined that Plaintiff "is not capable of returning to work at this time as an AC Transit bus driver.  His mental health issues are so severe that this clinician is concerned that he will pose a danger to himself or others."  (*Id*. at 7-8.)

From September 14, 2006 through November 10, 2006, Plaintiff attended Kaiser Permanente's Intensive Outpatient Program three days a week for three hours a day for mental health treatment.  (Dkt. #23, Plaintiff's 11/19/2008 filing at 15 & 18-20.)  On September 29, 2006, Anita Vasa of Kaiser Permanente completed a Visit Verification Form indicating that Plaintiff "can return to full duties with no restrictions on 10/2/2006."  (Dkt. #23 at 3, ¶11 & 17.)  On October 4, 2006, Plaintiff's treating physician at Kaiser, Dr. Walter Christian, wrote a letter to Robert Estrella, Defendant's Transportation Superintendent for Division 3/Richmond Facility, indicating that

4

Plaintiff had successfully completed the Intensive Outpatient Program and opining: "[i]t appears that he is now ready to resume his regular and customary job duties." (Dkt. #23, Plaintiff's 11/19/2008 filing at ¶10 & pg.18.)

In early November 2006, Ms. Fogel referred Plaintiff to Dr. Davenport for another psychological evaluation, which Dr. Davenport administered on November 9 and 13, 2006. (Fogel Decl., at ¶4 & Ex. C at 1.) On November 20, 2006, Dr. Davenport issued his report, finding that Plaintiff continued to suffer from mental health issues and thus should not be released to perform his regular job duties as a bus driver. (Fogel Decl., Ex. C at 9.)

On January 19, 2007, Ms. Fogel requested a medical opinion from Dr. Christian as to whether Plaintiff could resume the job of bus operator. (Fogel Decl., ¶5, Ex. D.) On March 19, 2007, Dr. Christian wrote Ms. Fogel, indicating that Plaintiff had shown improvement. (Fogel Decl., Ex. E. at 1-2.) Dr. Christian also indicated that he would not second-guess Dr. Davenport's finding, and recommended that Dr. Davenport re-evaluate Plaintiff's fitness for duty. (*Id.*))

Ms. Fogel thereafter referred Plaintiff to Dr. Valata Jenkins-Monroe for a psychological fitness for duty evaluation. (Fogel Decl., at ¶6 & Ex. F at 1.) Dr. Jenkins-Monroe administered the evaluation on March 23, 2006. (Fogel Decl., Ex. F at 1.) On March 25, 2006, she sent an assessment report to Ms. Fogel detailing her findings and opining that Plaintiff was not able to safely perform his regular and customary duties as a bus driver. (*Id* at 10.)

On April 25, 2007, Ms. Fogel met with Plaintiff and union official Robert Scott. (Fogel Decl., ¶7.) At that meeting, Ms. Fogel informed Plaintiff that both Dr. Davenport and Dr. Jenkins-Monroe had determined that he was medically precluded from driving a bus. (*Id*.) Ms. Fogel thereafter referred Plaintiff to Dr. Jenkins-Monroe for a fitness for duty evaluation for the position of Service Employee. (*Id*.) On April 22, 2007, Dr. Jenkins-Monroe sent Ms. Fogel and evaluation report indicating that Plaintiff could perform that position. (Fogel Decl., ¶7 & Ex. H.) Plaintiff subsequently accepted the Service Employee position, and at the time he filed this Motion, continued to hold that position. (Reply at 4; Fogel Decl., ¶7.)

///

///

**B.     Analysis**

      1.     Overview of Plaintiff's Motion

      In his Motion, Plaintiff urges the Court to grant summary judgment in his favor on the ground that the evidence he has submitted conclusively establishes that he obtained medical clearance to be reinstated as a bus driver. Plaintiff does not present any structured argument or citation to legal authority in his Motion or Reply, but presents a list of documents and facts he contends support his request for judgment. Defendant opposes Plaintiff's Motion on both procedural and substantive grounds. Particularly, Defendant argues that Plaintiff's Motion fails to comply with the requirements of Local Rule 7, and, even overlooking the technical deficiencies, fails to establish that Plaintiff obtained medical clearance to return to his position as a bus operator. Rather, Defendant asserts that the evidence before the Court establishes that, on the merits, Plaintiff has no case and Defendant is entitled to judgment. As set forth in detail below, the Court agrees with Defendant.

      2.     Title VII

      While Plaintiff does not identify the legal basis for his claim(s) in his Motion, Plaintiff's Complaint indicates that he is bringing this action pursuant to Title VII. The Court will therefore analyze whether the evidence Plaintiff has submitted establishes that no genuine issue of material fact exists such that he entitled to summary judgment on a Title VII-based claim.

      Under Title VII, an employer may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. 2000e-2(a)(1); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 796 n.4 (1973). A plaintiff may proceed by simply producing "direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the employer." *Metoyer v. Chassman*, 504 F.3d 919, 930 (9th Cir. 2007). "When the plaintiff offers direct evidence of discriminatory motive, a triable issue as to the actual motivation of the employer is created even if the evidence is not substantial." *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1221 (9th Cir. 1998); *see also Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 889 (9th Cir. 1994) (concluding that on summary judgment, "[t]he requisite degree of proof necessary to establish a

6

*prima facie* case ... is minimal and does not even need to rise to the level of a preponderance of the evidence"); *Metoyer*, 504 F.3d at 931.

However, in cases such as this one, where direct evidence of discrimination is lacking, a motion for summary judgment is disposed of under the three-step burden-shifting *McDonnell Douglas* test. *See McDonnell Douglas*, 411 U.S. at 802; *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002). First, Plaintiff must establish a *prima facie* case of discrimination by showing that: (1) he belongs to a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) similarly-situated individuals outside his protected class were treated more favorably. *See, e.g., Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105-1106 (9th Cir. 2008) (Title VII race discrimination); *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1088-89 (9th Cir. 2008) (Title VII sex discrimination). Second, if a plaintiff establishes the *prima facie* case of discrimination, the burden then "shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003). Third, if the employer articulates a legitimate reason for its action, "the employee must then prove that the reason advanced by the employer constitutes a pretext for unlawful discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (applying *McDonnell Douglas* test in ADEA context). Evidence to show pretext must be both specific and substantial in order to overcome the articulated legitimate reasons put forth by the employer. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1029 (9th Cir. 2006). Regardless of who bears the burden of production, the employee always retains the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee. *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 253 (1982).

3.  Application to Plaintiff's Claims

Applying the foregoing framework to Plaintiff's Title VII claims, at the outset Plaintiff must show either direct evidence of discrimination by Defendant or establish a *prima facie* case of discrimination through circumstantial evidence. Plaintiff has not alleged any overtly discriminatory conduct by Defendant and has not pointed to any direct evidence of discriminatory intent. Plaintiff must therefore establish a *prima facie* case of discrimination under the *McDonnell Douglas* analysis.

7

1    With respect to the elements of the *prima facie* case, Plaintiff alleged that he is "Afro
2 American" and identifies his national origin as Puerto Rican. Thus, Plaintiff is a member of these
3 protected classes and satisfies the protected class element. Plaintiff has also proffered facts showing
4 that he was subject to an adverse employment action when Defendant refused his request to be
5 reinstated as a bus operator, thereby satisfying this element. As to Plaintiff being qualified for the
6 position of a bus operator, Plaintiff avidly asserts that the documents he has submitted demonstrate
7 that he was medically cleared to be reinstated to his position of a bus operator. Because the final
8 element is determinative, *the Court will assume without deciding* that Plaintiff has proffered
9 sufficient evidence to at least create a triable issue of fact on this element.

10   With respect to the final element that similarly-situated people outside Plaintiff's protected
11 classes were treated more favorably, Plaintiff has not proffered any facts - and the Court has found
12 none - indicating that other non-African American or non-Puerto Rican employees were treated
13 better in terms of being reinstated. In fact, Plaintiff has not set forth any evidence or explained how
14 race or national origin factor into Defendant's decision not to reinstate him. To proceed under Title
15 VII, Plaintiff must allege - and eventually prove - that his race or national origin played a part in
16 Defendant's decision not to reinstate him to his prior position. Because Plaintiff has not presented
17 any evidence on that factor, Plaintiff has not established a *prima facie* case, and his claim under Title
18 VII necessarily fails.

19   Further, even assuming Plaintiff could establish a *prima facie* case, Defendant has articulated
20 a legitimate, non-discriminatory reason for not re-instating Plaintiff to his former bus operator
21 position. Specifically, Defendant indicates that it denied Plaintiff's request to be re-instated because
22 he did not obtain medical clearance demonstrating that he was fit for the position. At this point,
23 Plaintiff would then be required to demonstrate that Defendant's stated reason for its decision was
24 merely pretextual, effectively masking a discriminatory motive. Plaintiff would have to present
25 "specific" and "substantial" evidence to overcome Defendant's proffered legitimate reason. *See*
26 *Cornwell*, 439 F.3d at 1029. Because Plaintiff has adduced no direct or circumstantial evidence that
27 Defendant intended to discriminate on the basis of his race or national origin (or any other basis,
28

8

1 including disability), it is highly doubtful that Plaintiff could make this showing and prevail at the
2 third stage of the *McDonnell Douglas* analysis, which would be fatal to his Motion.[2]

3 In sum, because Plaintiff has not set forth sufficient evidence to establish a *prima facie* case
4 of discrimination, the Court DENIES Plaintiff's Motion for Summary Judgment.

4.      Viability of Plaintiff's Case

6 At the hearing on April 2, 2009, the Court questioned Plaintiff about whether he had any
7 evidence tending to prove that Defendant's decision not to reinstate him was discriminatory based
8 on his race or national origin. Plaintiff was unable to point to any evidence. More significantly,
9 Plaintiff was unable to proffer any theory or argument suggesting that Defendant's decision was
10 discriminatory in nature, such that it falls within the ambit of Title VII. The Court questioned
11 Plaintiff extensively on this subject, and based on Plaintiff's responses, it is clear that Plaintiff has
12 no grounds of discrimination based on race or national origin. The Court notes that this case has
13 been pending since 2007, and that Plaintiff has had ample time to conduct discovery in support of
14 his employment discrimination claim. During this time, Plaintiff has submitted over 100 pages of
15 his personal statements and various letters, which the Court has thoroughly reviewed and
16 considered. Nothing in these documents suggests that Plaintiff's race or national origin was a factor
17 in Defendant's decision not to reinstate him as a bus operator.

18 "As a general rule, a district court may not *sua sponte* grant summary judgment on a claim
19 without giving the losing party ten days notice and an opportunity to present new evidence as
20 required by Federal Rule of Civil Procedure 56(c)." *U.S. v. Grayson*, 879 F.2d 620, 625 (9th Cir.
21 1989). However, the Ninth Circuit has recognized an exception to this rule. Specifically, a district
22 court may grant summary judgment without notice if the party against whom summary judgment is
23 granted has had a "full and fair opportunity to ventilate the issues involved in the motion."
24 *Waterbury v. T.G. & Y. Stores Co.,* 820 F.2d 1479, 1480 (9th Cir.1987) (quoting *Cool Fuel, Inc. v.*
25 *Connett,* 685 F.2d 309, 312 (9th Cir.1982)); *Grayson*, 879 F.2d at 625. As the foregoing discussion

---

[2] Moreover, because the same analysis would be applicable to a discrimination claim under the Americans with Disabilities Act, even if the Court were to construe Plaintiff's claim under that statute, it would lead to the same result. *See Snead v. Metro. Prop. & Cas. Ins. Co.,* 237 F.3d1080, 1093 (9th Cir. 2001) (holding McDonnell Douglas analysis in ADA case).

9

illustrates, Plaintiff has had a full and fair opportunity to ventilate the issues raised in his Complaint and Motion for Summary Judgment. Additionally, Plaintiff has had ample opportunity to discover and present evidence in support of his claims. Based on the entirety of Plaintiff's submissions to date, in conjunction with Plaintiff's statements at the April 2 hearing, it is clear that Plaintiff's lacks any evidence of discriminatory conduct necessary for him to prevail on his claim against Defendant. More significantly, even with additional time, it does not appear that Plaintiff would be able to adduce such evidence. The Court therefore finds it appropriate to GRANT summary judgment in favor of Defendant at this time.

### V.  CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motions for Summary Judgment (Dkt. ##14, 24). Further, the Court **GRANTS** summary judgment in favor of Defendant.

**IT IS SO ORDERED.**

Dated: April 9, 2009

MARIA-ELENA JAMES
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ARTURO PACHECO,

        Plaintiff,

v.

A.C. TRANSIT et al,

        Defendant.

Case Number: CV07-04415 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 9, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Arturo Pacheco
P.O. Box 3247
Vallejo, CA 94590

Dated: April 9, 2009

        Richard W. Wieking, Clerk
        By: Emma, Deputy Clerk

11